# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2026

*The Court of Appeals hereby passes the following order:*

**A27O0002. RASHEED RITTER v. CHE ALEXANDER, CLERK.**

Rasheed Ritter has filed a petition for a writ of mandamus against Ché Alexander, the Fulton County Superior Court Clerk. Ritter seeks an order of this Court, pursuant to our original mandamus jurisdiction, directing Alexander to file-stamp a notice of appeal Ritter submitted in a superior court action "effective as of its original electronic submission date"; to "assemble, process, and transmit" the appellate record in that case; and to apply a standing order on poverty "without demanding upfront preparation costs or filing fees."[1] For the reasons that follow, we dismiss this petition.

> Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare.

*Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983), disapproved in part on other grounds, *Arnold v. Alexander*, 321 Ga. 330, 336(1) (914 SE2d 311) (2025). See

---

[1] Ritter previously filed emergency motions in this Court seeking essentially the same relief under Court of Appeals Rule 40(b). We denied both motions. See *Ritter v. Alexander*, Case No. A26E0209 (July 14, 2026); *Ritter v. Alexander*, Case No. A26E0208 (July 8, 2026).

also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. As explained by the Supreme Court of Georgia, an appellate court's authority to issue such writs "is connected only to such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments. It does not grant jurisdiction to [the appellate court] to issue process as an original matter wholly unconnected to its appellate jurisdiction." *Arnold*, 321 Ga. at 334(1) (quotation marks omitted). Thus, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance." Id. at 335(1) n.6.

Here, Ritter has no matters currently pending in this Court. And his petition contains no indication that he filed a mandamus petition in the superior court seeking the relief he seeks in this Court. This case therefore does not present one of the "extremely rare" instances in which this Court will grant mandamus relief. See *Arnold*, 321 Ga. at 335(1) & n.6; *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984) (the procedure to be followed before invoking an appellate court's original mandamus jurisdiction is to file a petition in the superior court and appeal any resulting adverse decision to the appellate court), disapproved in part on other grounds, *Arnold*, 321 Ga. at 336(1) & n.7; *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455(2)(b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's [jurisdiction to grant mandamus relief] must first petition the superior court for such relief."), disapproved in part on other grounds, *Arnold*, 321 Ga. at 336(1) & n.7. While Ritter maintains that attempting to file a mandamus petition in the superior court in the first instance would be "futile," that conclusory assertion merely assumes what it seeks to establish. Consequently, because Ritter failed to follow the proper procedure — as his remedy lies in the

superior court — his mandamus petition is hereby DISMISSED. See Ga. Ct. App. R. 40(c); *Arnold*, 321 Ga. at 335(1) & n.6.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   08/12/2026  

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*